UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
KAREEM NISBETT, on behalf of himself and
all other persons similarly situated,

**CONSENT DECREE**

Plaintiff,        No. 1:20-cv-10073 (RA)

-against-

CREDIBLE LABS INC.,

Defendant.
--------------------------------------------------------X

This Consent Decree is entered into as of the Effective Date, as defined below

in Paragraph 9, by and between the following parties: Plaintiff Kareem Nesbitt

("Plaintiff") and Credible Labs Inc. ("Defendant"). Plaintiff and Defendant are

collectively referred to as the "Parties" for the purposes and on the terms specified

herein.

## <u>RECITALS</u>

1.      Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. §§

12181-12189 (the "ADA"), and its implementing regulation, 28 C.F.R. pt. 36,

prohibit discrimination on the basis of disability in the full and equal enjoyment of

the goods, services, facilities, privileges, advantages, and accommodations by any

private entity that owns, leases (or leases to), or operates any place of public

accommodation. 42 U.S.C. § 12182(a); 28 C.F.R. § 36.201(a).

2.      On or about December 1, 2020, Plaintiff filed the above-captioned

action in the United States District Court for the Southern District of New York

Doc ID: 91ea326c6362bbe084ce0e6641815ea6fe6723b4

(the "Action"). Plaintiff alleges that Defendant's website and mobile applications (together, the "Website") are not fully accessible to individuals with disabilities in violation of the Americans with Disabilities Act of 1990 (the "ADA"), the New York State Human Rights Law (the "NYSHRL"); and the New York City Human Rights Law (the "NYCHRL").

3.      Defendant expressly denies that the Website violates any federal, state or local law, including the ADA, the NYCHRL, and the NYCHRL, that this Court is a proper venue, and any other wrongdoing or liability whatsoever. By entry into this Consent Decree, Defendant does not admit any wrongdoing.

4.      This Consent Decree resolves, settles, and compromises all issues between the Parties in the Action.

5.      This Consent Decree is entered into by Plaintiff, individually, but is intended by the parties to inure to the benefit of vision impaired individuals who are members of the putative class alleged in the Complaint.

## JURISDICTION

6.      Plaintiff alleges that Defendant is a private entity that owns and/or operates the Website which is available through the internet to personal computers, laptops, mobile devices, tablets, and other similar technology. Plaintiff contends that the Website is a service, privilege, or advantage of a place of public accommodation subject to Title III of the ADA. 42 U.S.C. §§12181(7), 12182(a). Defendant denies that the Website is a public accommodation or that it is a place of public accommodation or otherwise subject to Title III of the ADA and/or

Doc ID: 91ea326c6362bbe084ce0e6641815ea6fe6723b4

NYCHRL.

7.      This Court has jurisdiction over the Action under 28 U.S.C. § 1331 and 42 U.S.C. § 12188. The Parties agree that for purposes of the Action and this Consent Decree, venue is appropriate.

**AGREED RESOLUTION**

8.      Plaintiff and Defendant agree that it is in the Parties' best interest to resolve the Action on mutually agreeable terms without further litigation. Accordingly, the Parties agree to the entry of this Consent Decree without trial or further adjudication of any issues of fact or law raised in Plaintiff's Complaint. In resolution of this Action, the Parties hereby AGREE to the following:

**DEFINITIONS**

9.      "Effective Date" means the date on which this Consent Decree is entered on the Court's Docket Sheet following approval by the Court.

10.      "Commercially Reasonable Efforts" means, with respect to a given goal or obligation, the efforts that a reasonable entity in Defendant's position would use to achieve that goal or obligation. Any disagreement by the Parties as to whether Defendant has used Commercially Reasonable Efforts as provided for under this Consent Decree shall be subject to the dispute resolution procedures set forth in paragraphs 14 through 17 of this Consent Decree. Commercially Reasonable Efforts shall be interpreted so as to not require Defendant to undertake efforts the cost, difficulty or impact on the Website of which could constitute an undue burden, as defined in Title III of the ADA but as applied solely to the Website

-3-

– as though the Website were a standalone business entity, or which efforts could result in a fundamental alteration in the manner in which Defendant operates the Website – or the primary functions related thereto, or which could result in a loss of revenue or traffic on their Website-related operations.

## TERM

11.     The term of this Consent Decree shall commence as of the Effective Date and remain in effect for the earlier of: (a) sixty (60) months from the Effective Date; (b) the date, if any, that the United States Department of Justice adopts regulations for websites under Title III of the ADA; or (c) any of (i) the Supreme Court of the United States, (ii) the United States Court of Appeals for the Second Circuit, or (iii) the United States District Court for the Southern and Eastern Districts of New York holds that a website is not covered as a "public accommodation" under Title III of the ADA.

## GENERAL NONDISCRIMINATION REQUIREMENTS

12.     Pursuant to the terms of this Consent Decree, Defendant:

a.     shall not deny persons with a disability (as defined under the ADA), including the Plaintiff, the opportunity to participate in and benefit from the goods, services, privileges, advantages, and accommodations through the Website as set forth herein (*see* 42 U.S.C. §12182(b)(1)(A)(i), 28 C.F.R. § 36.202(a)); and

b.     shall use Commercially Reasonable Efforts to provide persons with a disability (as defined under the ADA), including Plaintiff, an equal

-4-

opportunity to participate in or benefit from the goods, services, privileges, advantages, and accommodations provided through the Website as set forth herein *(see* 42 U.S.C. § 12182(b)(2)(A)(ii), 28 C.F.R. § 36.202(b)); and

c.      shall use Commercially Reasonable Efforts to ensure that persons with a disability (as defined under the ADA), including Plaintiff, are not excluded, denied services, segregated, or otherwise treated differently because of the absence of auxiliary aids and services, through the Website as set forth herein *(see* 42 U.S.C. § 12182(b)(2)(A)(iii), 28 C.F.R. § 36.303).

## COMPLIANCE WITH TITLE III OF THE ADA

13.      Web Accessibility Conformance Timeline: Defendant shall ensure full and equal enjoyment of the goods, services, privileges, advantages, and accommodations provided by and through the Website (including all pages therein), including websites (including all pages therein and linked to therefrom) that can be navigated to from the Website or which when entered reroute to the Website (collectively the "Websites"), according to the following timeline and requirements provided that the following dates will be extended in the instance that the Department of Justice issues regulations for websites under Title III of the ADA while this Consent Decree is in effect and which contain compliance dates and/or deadlines further in the future than the dates set forth herein:

a.      Within twenty-four (24) months of the Effective Date, to the extent not already done, Defendant shall modify the Websites as needed to substantially conform to the Web Content Accessibility Guidelines 2.0 and/or Web

Doc ID: 91ea326c6362bbe084ce0e6641815ea6fe6723b4

Content Accessibility Guidelines 2.1 Level A Success Criteria to the extent determined to be applicable, or any other WCAG guidelines deemed to be applicable, in such a manner so that the Websites will be accessible to persons with vision disabilities.

b.      The Parties acknowledge that Defendant's obligations under this Consent Decree do not include: (i) substantial conformance with WCAG standards for third party content and/or other content or advertisements and/or websites that Defendant does not own, operate, prepare or control but that are linked from the Websites (including, but not limited to, any content/websites hosted by third parties and implemented on the Websites); and (ii) the provision of narrative description for videos. The Parties also agree that if the U.S. Department of Justice or a Court with jurisdiction over this matter determines that the WCAG standards or any successor standard that Defendant may have utilized are not required by applicable law, Defendant may choose, in its discretion, to cease the remediation efforts described above.

c.      In achieving such conformance, Defendant may, among other things, rely upon, in whole or in part, the User Agent Accessibility Guidelines ("UAAG") 1.0; the Authoring Tool Accessibility Guidelines ("ATAG") 2.0; the Guidance on Applying WCAG guidelines to Non-Web Information and Communications Technologies ("WCAG2.1ICT"), published by the Web Accessibility Initiative of the World Wide Web Consortium ("W3C"); as well as other guidance published by the W3C's Mobile Accessibility Task Force; or any

Doc ID: 91ea326c6362bbe084ce0e6641815ea6fe6723b4

combination thereof. If Defendant, in reasonably relying upon any of the foregoing, fail to achieve substantial conformance with the applicable WCAG standard, Defendant will have nonetheless met its obligations.  Nothing herein shall prevent Defendant from using measures designed to increase search engine optimization.

        d.     If Defendant is unable to achieve substantial conformance with the applicable WCAG guidelines despite having used Commercially Reasonable Efforts to achieve substantial conformance, it shall be deemed to have satisfied its obligations under this Consent Decree as set forth herein regarding remediation of the Website.

## PROCEDURES IN THE EVENT OF DISPUTES

14.     The procedures in Paragraphs 15 through 17 must be exhausted if (i) Plaintiff alleges Defendant has failed to meet its obligations under this Consent Decree or (ii) Defendant alleges that there is a criteria of the chosen WCAG guidelines with which it cannot substantially comply as set forth herein. No breach will exist by Defendant in connection with such allegations until the following procedures have been exhausted.

15.     If a Party believes that the other Party has not complied in all material respects with any provision of the Consent Decree, that Party shall provide the other Party with written notice of non-compliance containing the following information: (i) the alleged act of non-compliance; (ii) a reference to the specific provision(s) of the Consent Decree that is not being complied with in all material

Doc ID: 91ea326c6362bbe084ce0e6641815ea6fe6723b4

respects; (iii) a statement of the remedial action sought by the initiating party; and (iv) a reasonably detailed statement of the specific facts, circumstances and legal argument supporting the position of the initiating party. Plaintiff will notify Defendant in writing after the dates for compliance set forth herein if Plaintiff believes that the Website is in any way not compliant with this Consent Decree. Defendant will notify Plaintiff in writing if it believes there is a criterion of this Consent Decree with which it cannot substantially comply. All notifications must include reasonable detail and shall be made in the manner set forth in Paragraph 20.

16.     Within 90 days of either Party receiving notice as described in Paragraph 15, the other Party will respond in writing to the notice. Within 30 days of receipt of the response, the Parties will meet by telephone, or in person, in an attempt to informally resolve the issue.

17.     If the issue remains unresolved within 30 days of the meeting referenced in Paragraph 16, the Parties will each have an additional 30 days to select an expert and the two experts will mutually select an independent accessibility consultant with substantial experience in accessible website design who will evaluate the particular item(s) raised based on whether a person, who has a disability and uses screen reader software and has average screen reader competency ("person with a Visual Impairment who has average screen reader competency"), can adequately utilize the Website.

Doc ID: 91ea326c6362bbe084ce0e6641815ea6fe6723b4

18.     No breach will exist unless (a) the independent accessibility consultant determines that a particular item(s) cannot be accomplished by a person with a disability who has average screen reader competency using a prominent commercially available screen reader such as Jaws, Voiceover, or NVDA in combination with one of the following browsers (in versions of which that are currently supported by their publishers): Internet Explorer, Firefox, Safari and Chrome; and (b) Defendant fails to remedy the issue using Commercially Reasonable Efforts within a reasonable period of time of not less than 90 days of receiving the accessibility consultant's opinion. If the accessibility consultant believes that a reasonable time using Commercially Reasonable Efforts to remedy the items found not to be usable is longer than 90 days, then the Parties may agree on a longer period without leave of Court so long as the extension is documented in writing and executed by the Parties to this Agreement or their respective counsel. If the accessibility consultant finds that a particular item found not to be usable cannot be remedied using Commercially Reasonable Efforts, Defendant shall not be obligated to remedy that item.

19.     Any of the time periods in Paragraphs 16 through 18 may be extended by mutual agreement of the Parties.

20.     Any notice or communication required or permitted to be given to the Parties hereunder shall be given in writing by e-mail and by overnight express mail or United States first class mail, addressed as follows:

-9-

Doc ID: 91ea326c6362bbe084ce0e6641815ea6fe6723b4

For PLAINTIFF:       Douglas B. Lipsky, Esq.
                     LIPSKY LOWE LLP
                     420 Lexington Avenue, Suite 1830
                     New York, New York 10017-6705
                     Tel: (212) 392.4772
                     E-mail: doug@lipskylowe.com

For DEFENDANT:       Steven G. Mintz, Esq.
                     MINTZ & GOLD LLP
                     600 Third Avenue, 25th Floor
                     New York, NY 100016
                     Tel: (212) 696-4848
                     E-mail:  mintz@mintzandgold.com

## ENFORCEMENT AND OTHER PROVISIONS

21.   The interpretation and enforcement of this Consent Decree shall be governed by the laws of the State of New York.

22.   If any provision of this Consent Decree is determined to be invalid, unenforceable, or otherwise contrary to applicable law, such provision shall be deemed restated to reflect as nearly as possible and to the fullest extent permitted by applicable law its original intent and shall not, in any event, affect any other provisions, all of which shall remain valid and enforceable to the fullest extent permitted by applicable law.

## PERSONS BOUND AND INTENDED THIRD-PARTY BENEFICIARIES

23.   The Parties to this Consent Decree expressly intend and agree that this Consent Decree shall inure to the benefit of all persons with vision disabilities as defined by the ADA, including those who utilize a screen reader to access the Website, which disabled persons shall constitute third-party beneficiaries to this

-10-

Consent Decree, but it does not bind members of the putative class identified in Plaintiff's Complaint as no class has been certified.

24.     The signatories represent that they have the authority to bind the respective parties, Plaintiff and Defendant to this Consent Decree.

## CONSENT DECREE HAS BEEN READ

25.     This Consent Decree has been carefully read by each of the Parties, and its contents are known and understood by each of the Parties. This Consent Decree is signed freely by each party executing it. The Parties each had an opportunity to consult with their counsel prior to executing the Consent Decree.

PLAINTIFF                                   CREDIBLE LABS INC.

By: _Kareem Nisbett_                        By: _Stephen Dash_

Name: Kareem Nisbett                        Name: Stephen Dash

Date: 6/1/2021                              Title: CEO

                                            Date: 05 / 27 / 2021

APPROVED AS TO FORM AND CONTENT:

Dated:   06/01/2021                         PLAINTIFF'S COUNSEL

                                            By: _____

                                            Douglas B. Lipsky, Esq.
                                            LIPSKY LOWE LLP
                                            420 Lexington Avenue, Suite 1830
                                            New York, New York 10017-6705

-11-

Tel: (212) 392.4772
E-mail: doug@lipskylowe.com

Dated: ___May 28 2021___

DEFENDANT'S COUNSEL

By: _____

Steven G. Mintz, Esq.
MINTZ & GOLD LLP
600 Third Avenue, 25th Floor
New York, NY 100016
Tel: (212) 696-4848
E-mail: mintz@mintzandgold.com

Doc ID: 91ea326c6362bbe084ce0e6641815ea6fe6723b4

## COURT APPROVAL, ADOPTION, AND
## ENTRY OF THE CONSENT DECREE

THE COURT, HAVING CONSIDERED the pleadings, law, underlying facts and having reviewed this proposed Consent Decree,

FINDS AS FOLLOWS:

1)      This Court has jurisdiction over the Action under 28 U.S.C. § 1331 and 42 U.S.C. § 12188;

2)      The provisions of this Consent Decree shall be binding upon the Parties;

3)      This Consent Decree is for settlement purposes only and does not constitute an admission by Defendant of any of the allegations contained in the Complaint or any other pleading in this Action, nor does it constitute any finding of liability against Defendant;

4)      The Court's jurisdiction over this matter shall continue for sixty (60) months; and

5)      This Consent Decree shall be deemed as adjudicating, once and for all, the merits of each and every claim, matter, and issue that was alleged, or could have been alleged by Plaintiff in the Action based on, or arising out of, or in connection with, the allegations in the Complaint.

NOW THEREFORE, the Court approves the Consent Decree and in doing

so specifically adopts it and makes it an Order of the Court.

        SO ORDERED:

Ronnie Abrams, U.S.D.J.

June 3, 2021

Doc ID: 91ea326c6362bbe084ce0e6641815ea6fe6723b4